UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY BIBB,

        Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 2:19-cv-13428

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [17],
ADOPTING REPORT AND RECOMMENDATION [16],
DENYING BIBB'S MOTION FOR SUMMARY JUDGMENT [10], &
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION [14]**

The Commissioner of the Social Security Administration ("SSA") denied Ashley Bibb's ("Bibb") application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 8-2, PgID 41–53. After the SSA Appeals Council declined to review the ruling, Bibb appealed. The Court referred the matter to Magistrate Judge R. Steven Whelan, ECF 3, and the parties filed cross-motions for summary judgment, ECF 10, 14. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Bibb's motion and grant the Commissioner's motion. ECF 16. Bibb filed timely objections to the Report. ECF 17. After examining the record and considering Bibb's objections de novo, the Court finds that her arguments are meritless. Thus,

1

the Court will adopt the Report's findings, deny Bibb's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Bibb's action against the Commissioner. ECF 16, PgID 582–89. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party objects. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When the Court reviews a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion."

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id*.

## DISCUSSION

Bibb first objects to the Report arguing that the magistrate judge's analysis and rationale violates the *Chenery* doctrine because it put forward a new analysis and rationale not offered by the ALJ. ECF 17, PgID 600–01. Under the Supreme Court's decision in the *Chenery I*, a court reviewing an agency action may consider only the basis for the action that is proffered by the agency in the rule or order at issue—the agency cannot offer new post hoc justifications during litigation. *SEC v. Chenery Corp. ("Chenery I")*, 318 U.S. 80, 93–94 (1943).

Here, Bibb offers no specific examples of where the Report puts forth a novel analysis not offered by the ALJ but merely asserts the broad generalization that the Report did not consider the ALJ's findings. ECF 17, PgID 600. But a comparison of the Report and the ALJ's decision shows that both relied on the same medical and non-medical evidence in the record. And the magistrate judge consistently referenced, cited, and included evidence to support the determinations of the ALJ in the Report, not to create a "revised rationale." In doing so, the Report finds that substantial evidence supports the ALJ's findings and does not draw any novel conclusions.

3

Further, a "court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). Thus, any discrepancy in evidence cited in the Report but not specifically mentioned by the ALJ is proper when the Court determines whether there is substantial evidence in the record to support the ALJ's determination. In sum, the Report does not create any revised rationale, draw new conclusions, or cite evidence not in the record. The Report does not violate the *Chenery I* precedent and Bibb's first objection is overruled.

Second, Bibb contends that the Report relies on facts related to her non-communication facts rather than medical opinions as to what the non-communication information means. ECF 17, PgID 601–02. Bibb asserts that the Report found that her reading, writing, and spelling deficits were not as severe as alleged. *Id.* at 601. In other words, Bibb implies that the magistrate judge improperly assumed the role of a medical professional. Instead, the Report takes on the appropriate task of comparing the administrative record to the ALJ's decision to ensure the decision is supported by substantial evidence. And the Report found the ALJ's mental residual function capacity ("RFC") was consistent with the various medical experts who offered testimony and assessments for Bibb. ECF 16, PgID 592–96. The Report specifically acknowledged that "Plaintiff could read at the third-grade level," but also found, based on the testimony of Dr. Solomon (Bibbs preferred expert), that the limitations would not prevent routine, two-to-three step directions from being understood. *Id.* at 593. The finding, Solomon noted, is supported by Bibbs ability to

4

take care of her child, perform light chores, go shopping, and perform meal preparation. *Id.*

The Report also mentioned Bibbs' ability to use a smart phone, ability to pass a driver's exam, high school records suggesting her skills were sufficient to graduate, and the tests of two experts who both believed she has the requisite skills to manage her own benefit funds. *Id.* Each step of the Report is based on evidence in the record and the expert's analysis of the RFC. Although Bibbs' objection invites the Court to reweigh the evidence based on the record evidence that supports her case, that is beyond the province of the Court. *See Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (per curiam) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary."). Thus, the Report relied on experts' medical opinions and permissible observations of Bibb's daily living and work history to review the ALJ's determination that Bibb's limited ability to read, write, and spell does not prevent her from performing a limited range of unskilled work was supported by the record.

Finally, Bibb claims that the Report incorrectly cited case law in support of the Report's findings against Bibb's position. ECF 17, PgID 602–04. Bibb specifically cited four cases she believes were "incorrectly applied as precedent." *Id.* at 602. But all the cited authority, although not binding precedent, is persuasive and suggests that individuals with reading ability limited to the third grade may hold jobs requiring language-level-1 skills. The discrepancies that Bibb attempts to draw between precedent are distinctions without difference because the core proposition

5

remains the same: a person with third grade reading abilities may hold a language-level-1 job. And there is no evidence to suggest Bibb reads below a third-grade level. As the Report, regulations, and evidence all support, there is not one piece of evidence that controls whether a person can perform specific levels of work and the arguments proffered by Bibb in favor of a clean-line rule conflict with the state of the law. In sum, the Report properly identifies relevant, persuasive authority that outlines how a person's reading level may interact with the language skills required to perform certain levels of jobs. Those precedents, while not binding, were informative to the Report in determining whether the ALJ's decision was well supported.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Bibb's objections. The Court finds Bibb's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Bibb's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Bibb's objections [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Bibb's Motion for Summary Judgment [10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 28, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2021, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager